Chief Justice Robertson,
delivered the opinion of the court. .
A verdict having been rendered in the country, on the 23d of May, 1829, in favor of Ann T. Sanders, against John Norton, on a warrant of forcible entry and detainer, he traversed the inquisition. The traverse bond, returned to tbe circuit court by the magistrate, was dated May tire 23d, 1829, but, in reciting the inquisition, it described it as having taken place on the 3d, instead of the 23d of May, 1829. For this supposed want of identity, the circuit court, on the motion of the traversee, dismissed the traverse, notwithstanding a proposal by the traversor and his sureties, to re-acknowledge the bond, correct it so as to malm it correspond with the inquisition, and an offer to prove by the magistrate, before whom it was acknowledged-that it was taken in this case and on the 23d of May, 1829.
We are not sure, that there is not enough in the record and in the bond to show that it was given in this case. The recital ©f the date of the inquisition is only one fact tending to identify the inquisition, and that fact may be overruled by other controlling facts. But, however this may be, we are of opinion that the circuit court erred in refusing to hear the evidence offerred by the traversor. If he had shown, as we presume he would, that the bond was executed for this case, the traversor and his sureties ought to have been permitted to correct and re-acknowledge it.
The spirit and reason of the act of 1828, in relation to appeal bonds, apply to traverse bonds. A traverse is an appeal. That act would not apply, if no bo»d hjd *288 been given for this case. But it was proper to hear evidence for identifying the inquisition; and if it had been identified, a re-acknowledgment should have been permitted, and the traverse should not have been dismissed.
A traverse is an appeal.
Mills and Brown, for plaintiff; Sanders, for defendant.
Wherefore, the judgment is reversed, and the cause remanded for further proceedings.